**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY CHARLES KRUG,

        Plaintiff - Appellant,

v.

EVELYN G. CASTRO,

        Defendant - Appellee.

No. 14-55549

D.C. No. 2:11-cv-06398-PA-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Federal prisoner Gregory Charles Krug appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc), and we affirm.

The district court properly concluded that Krug failed to exhaust his administrative remedies because Krug did not exhaust his relevant grievances to the final level of review before presenting his claims to the district court, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion requirement applies to federal prisoners suing under *Bivens*); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders administrative remedies unavailable or where exhaustion might otherwise be excused).

The district court did not abuse its discretion in denying Krug's motion for reconsideration because Krug failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration).

14-55549

Krug's motion to extend the time to file a reply brief, filed on March 23, 2015, is granted. The Clerk shall file the reply brief received on April 6, 2015.

**AFFIRMED.**